## CIRCUIT COURT OF THE CITY OF DANVILLE

Ollie G. Stone

v.

United Parcel Service, Inc., et al.

January 23, 1989

Case No. 87–11

BY JUDGE JAMES F. INGRAM

Ollie G. Stone, an employee of Virginia Maintenance Company, was injured on February 8, 1985, when he was struck by a door opened by a UPS employee while Stone was waxing the floor at the UPS facility in Danville, Virginia. By agreement dated May 1, 1984, Virginia Maintenance Company was to furnish cleaning services for the UPS facility in Danville. As a result of this injury, Stone received Workers' Compensation benefits from his employer, Virginia Maintenance Company. Stone then brought this suit against UPS seeking to recover under the theory of common law negligence by UPS and their employee for the injuries he sustained. UPS filed a special plea alleging that the plaintiff's claim against it should be barred by virtue of the plaintiff's exclusive remedy under the Worker's Compensation Act.

Evidence was heard on this issue and revealed that the plaintiff, at the time of the injury, was working a full five-day week at the UPS facility in Danville performing janitorial work. While UPS did not have the right to hire or fire him, under the terms of the aforesaid agreement dated May 1, 1984, UPS did supervise his day-to-day activities in cleaning the facility, and plaintiff was instructed by UPS employees of his daily duties. Because UPS became dissatisfied with plaintiff's work, they notified Virginia Maintenance company that they wanted the plaintiff terminated from his duties at the UPS facility and, about six months after he began working there, was in fact replaced by another employee of Virginia Maintenance Company.

In order for the plaintiff to maintain this action, he must show that he was not engaged in work that was a part of UPS's trade, business or occupation. This principle is set forth in the case of *Henderson v. Central Telephone Co.*, 233 Va. 377 (1987). The test to be applied is whether one's duties are an indispensable activity normally carried on through employees, rather than individual contractors. In this case, the labor which Stone performed for United Parcel Service, Inc., was steady, normal and regular work consisting of maintenance and general cleaning work, which was an essential part of the functioning or the business and the services of United Parcel Service, Inc.

It is the conclusion of this Court that United Parcel Service, Inc., is the statutory employer of the plaintiff, and the plaintiff, having sought Workers' Compensation Benefits, has elected his sole and exclusive remedy. This bars his action in tort against defendant, United Parcel Service, Inc., here. For these reasons, the special plea of the defendant is sustained, and an Order to that effect may be prepared.